O'BRYANT et al. v. MONTGOMERY et al.
(No. 6660.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 4, 1922. Rehearing Denied Feb. 1, 1922.)

1. Trespass to try title ⊜13 — Defendants' possession held adverse.

In trespass to try title by executors of deceased owner of the land, possession of the land by defendants under sale by and deed from an administrator appointed by the county court, which refused probate of the will of the deceased owner, was adverse to plaintiffs.

2. Executors and administrators ⊜358(4)— Reversal of orders of county court by district court held to defeat rights of purchaser.

Where county court refused probate of will of a nonresident landowner, appointed an administrator, and confirmed his sale of deceased's land to defendants, and the executors of the will removed the cause to the district court by certiorari, under Rev. St. art. 740, the district court had power to declare the orders of the county court null and void, and, this being done, defendants had no rights under such orders, and their reliance thereon gave them no force or efficacy.

3. Executors and administrators ⊜389—Defendant in action by executors to recover land sold by administrator whose appointment was set aside had burden of showing purchase price claimed to have been paid by them was received by estate.

Where county court refused probate of will of a nonresident landowner, appointed an administrator, and confirmed his sale of deceased's land to defendants, and the executors of the will, under Rev. St. art. 740, removed the cause by certiorari to the district court, where the county court orders were declared void, and the executors later sued defendants in trespass to try title to recover the land; defendants, who brought cross-action to recover the price, had the burden of showing that the estate got the benefit of the money paid by them.

Appeal from District Court, Real County; R. H. Burney, Judge.

Trespass to try title by G. D. Montgomery and another against B. F. O'Bryant and another. From judgment for plaintiffs, defendants appeal. Affirmed.

C. L. Bass, of Wichita Falls, and L. Old, of Uvalde, for appellants.
W. D. Love, of Uvalde, for appellees.

FLY, C. J. This is an action of trespass to try title to two sections of land, being railway company surveys 17 and 23 in block 3, abstracts 853 and 856, in Real county, instituted by Grenville D. Montgomery and Council Bluffs Savings Bank of Council Bluffs, Iowa, trustees of the estate of Grenville M. Dodge, deceased, appellees, against B. F.

O'Bryant and Lum Thompson, appellants. They pleaded not guilty and set up a claim to the land by and under a sale made by the county court of Real county during an administration of the estate of G. M. Dodge, deceased, with T. A. Youngblood as administrator, which sale was confirmed by said county court on January 14, 1918. It was answered by appellees in a supplemental petition that the order appointing Youngblood administrator, the order of sale of the land, the order confirming the sale, and the administrator's deed to said O'Bryant, had been set aside and declared null by the district court of Real county in a hearing of the cause to which appellants were parties, by virtue of a writ of certiorari which removed the cause to the district court. A jury was waived, and judgment rendered in favor of appellees for the land.

The salient facts are that G. M. Dodge died on January 3, 1916, leaving a will, in which N. P. Dodge and G. D. Montgomery were named as executors and trustees, and said N. P. Dodge having resigned, Council Bluffs Savings Bank was duly appointed in his place and stead. The two sections of land in question belonged to the G. M. Dodge estate. The will was duly probated in Pottawatamie county, state of Iowa, and a certified copy thereof with orders of probate were filed in Real county and the will duly probated in pursuance of a judgment of the district court rendered on June 8, 1918. The title to the two sections of land was held by the trustees and still remains with them if not divested out of them by the order of sale and confirmation of the county court. O'Bryant was in possession of the land when the suit was instituted, and had been in possession thereof since about January 15, 1918, when he was placed in possession by T. A. Youngblood, claiming to be administrator of the Dodge estate. O'Bryant put permanent improvements on the land of the value of $300. An inventory and appraisement of the estate were filed in the county court by Youngblood, who had been appointed administrator on May 7, 1917. He took the oath and gave bond in the sum of $1,000. He also gave a bond for $20,000 on December 13, 1917. Afterwards, on January 8, 1918, on the application of Youngblood an order of sale of the land in question was issued by the county court. The land was sold the same day the order was made by Youngblood to O'Bryant for $2,000. On January 14, 1918, the sale was confirmed by the county court, and on the same day a deed from Youngblood to O'Bryant was executed. The causes in the county court were taken to the district court by certiorari and consolidated. The will had been refused probate in the county court, but was probated in the district court, and N. P. Dodge, Jr., and

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Grenville D. Montgomery, executors named in said will, were recognized and appointed executors. The order of the county court appointing T. A. Youngblood administrator was set aside, a contract made between said Youngblood and C. L. Bass, attorney, was declared to be void, and the order of the county court approving it canceled and annulled. All orders and decrees of the county court or the county judge of Real county, directing the sale of the two sections of land and confirming said sale of the property, were declared to be illegal and void and were set aside and annulled, and the judgment of the district court was certified to the county court of Real county. From that judgment an appeal was prosecuted by Youngblood and his codefendants to the Court of Civil Appeals of the Fourth Supreme Judicial District of Texas, where it was in all things affirmed and its mandate was delivered to and filed with the district court of Real county on November 20, 1920. Appellant O'Bryant was a party to that appeal.

[1] In a brief consisting of 123 printed pages, one contention seems to be that there is no evidence that O'Bryant was claiming possession of sections 17 and 23, block 3, by virtue of a deed from Youngblood to him as was alleged by appellees. The evidence shows that O'Bryant was in possession of the land when suit was brought, and appellant alleged that he was in possession of the land through a deed from Youngblood. The statement of facts shows that—

"About the 15th day of January, A. D. 1918, the said Youngblood surrendered possession of said two sections of land to B. F. O'Bryant, who thereafter continued in possession of those sections."

It is preposterous to say that this possession was not adverse to appellees. The first, second, and third assignments of error are overruled.

[2] When the cases were taken by certiorari to the district court, they were consolidated, and a trial de novo took place as provided by statute. Rev. Stats. art. 740. The district court had the power and authority, within two years after the proceedings in the county court, to revise and correct such proceedings, and such proceedings could be declared null and void. No rights could be acquired under them, or sustained by them. Void orders by the county court in matters of the Dodge estate could be reviewed in the district court by certiorari and their invalidity declared. In rendering the judgment as it did the district court of Real county exercised its statutory power, and its action absolutely destroyed all the proceedings had in the county court in connection with the Dodge estate. Williams v. Steele, 101 Tex. 382, 108 S. W. 155; Thompson v. Dodge, 210 S. W. 586. When the judgment of the district court became final, it rendered all the proceedings of the county court null and void, and appellants could not have acquired any rights thereunder. The case stood as though no proceedings had ever been had in the county court in connection with the Dodge estate, and the deed made to O'Bryant by Youngblood as administrator conveyed no right or title to him whatever. Reliance of O'Bryant upon such void orders and proceedings could give no efficacy, force, or vitality to such orders. The fourth and fifth assignments of error are overruled.

[3] The district court did not recite in the judgment, as stated by appellants, that the court judicially knew that the $2,000 for the land was not paid to the Dodge estate. It was recited in the judgment:

"And it further appearing to the court that the plaintiffs (appellees) ask judgment against the defendants for the rental value of the said lands and that the defendants (appellants) ask judgment against plaintiffs, in case plaintiffs recover, for the value of improvements made in good faith, and for certain other moneys mentioned in defendants' cross-action, and the court being of the opinion that neither are entitled to recover of the other on such pleas; and the court judicially knowing that the plaintiffs recover no part of the moneys sued for by the defendants in their cross-action, and there being no proof that the plaintiffs received any part thereof."

The recital as to failure to recover by plaintiffs is rather obscure, but probably referred to a recovery in the judgment in the certiorari cases, but nothing is said about judicial knowledge of the fact that plaintiff did not receive the money for the land from Youngblood or O'Bryant. There was no proof that the money was paid by O'Bryant, or that Youngblood ever paid it to the estate. The burden was on appellants to show that the estate got the benefit of the $2,000, if it was ever paid by O'Bryant. No valid and legal orders were ever entered in the estate until the district court entered an order probating the will and declaring the orders of the county court null and void. The sixth and seventh assignments of error are overruled.

The judgment is affirmed.