## FLORES et al. v. SCHWARTZ. (No. 7105.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 27, 1924.)

**I. Landlord and tenant ⬅═193—No recovery on original contract abrogated by both parties for fraud.**

No recovery could be had on an original renting contract abrogated by the parties for fraud of the lessors, and lessee's possession of the property thereafter did not render him liable under it, whether a second contract was made or not.

**2. Landlord and tenant ⬅═34(4) — Unsigned agreement of parties was sufficient basis for lessee to proceed without want of diligence to rescind.**

Where lessor procuring lease by fraud, being informed that lessee would not perform, wrote down memoranda of what lessee wanted, and the parties agreed to it, though unsigned, it was sufficient basis for lessee to proceed without being guilty of want of diligence in failing to sue to rescind the original agreement, especially where he had advanced $200 on the first contract.

**3. Landlord and tenant ⬅═32 — Continuance of possession of property, after rescission for fraud and subsequent agreement of parties, not evidence of ratification.**

Where one induced by fraud to contract for lease of theater and equipment informed the owners after paying $200 that he would not perform, and the owners wrote down memoranda of what he wanted, both parties agreeing to it without signing, his continued possession of the theater and equipment was not evidence of ratification after learning the facts.

**4. Appeal and error ⬅═719(8)—Judgment not based on verdict considered, though not assigned as error, because fundamental.**

A judgment, having no basis in the verdict, presents fundamental error, and must be considered, though not assigned as error.

**5. Contracts ⬅═253—One agreeing to make new contract acceded to abrogation of original procured by fraud.**

One agreeing to make another contract after procuring the original by fraud and being informed that contractee would not go on thereby acceded to contractee's abrogation of the original.

Appeal from District Court, Maverick County; Joseph Jones, Judge.

Action by A. Flores and others against Sam Schwartz. Judgment for defendant, and plaintiffs appeal. Affirmed.

David E. Hume, of Eagle Pass, for appellants.

Ben V. King, of Eagle Pass, for appellee.

FLY, C. J. Appellants, A. Flores, Eugenio Flores, and F. Flores, a partnership, sued appellee, alleging that they, as partners, possessed certain equipment in a building in Eagle Pass, Tex., known as the Star Theater, which building they had leased from the owners; that they were operating a "moving picture show business"; and that they transferred their lease for three years, with the equipment, for the sum of $100 a month, and that appellee had refused to pay the rent. A written contract, signed by appellants and appellee, was made a part of the petition. Appellee alleged that the contract was procured by fraud and misrepresentation, and when appellee ascertained that he had been led into signing the contract by fraud he immediately repudiated it to A. Flores, who acted for the partnership, and then it was agreed that the contract should be set aside and held for naught, and the parties entered into another and different contract. The cause was submitted to a jury on special issues, and the jury, in response thereto, found that the first contract was executed as alleged in the petition; that appellants made false statements as to the equipment, which induced appellee to sign the contract; that appellee was ignorant of the falsity of the statement when he signed

---

the contract. The jury also answered that appellants did not agree with appellee to execute the second agreement pleaded by appellee. The court rendered judgment that appellants take nothing by their suit and pay all costs.

There is but one assignment of error copied in the brief, and that is:

"The court erred in rendering judgment on the verdict in favor of the defendant because said findings were in favor of plaintiffs and entitled them to judgment."

It is contended that the written instrument relied upon by appellants, having been found by the jury to have been executed, although it was found that the execution was procured by the fraud of appellants, entitled appellants to judgment, because the rescission asked by appellee could not be granted for the reason that appellee did not act promptly to rescind, but kept the equipment and operated the theater for five months.

The jury found that the original contract was procured through the fraud of appellants, and the naked proposition is that because appellee, after endeavoring to settle the matter with appellants, and after repudiating the contract and endeavoring to procure another contract, lost his right to a cancellation by remaining in possession of the property, although he had paid $200 to appellants. Appellee expressed his dissatisfaction with the contract in a day or two after it was executed, and informed appellants that he would not proceed under it, and one of the partners understood that, and agreed to the terms of another contract, although, as found by the jury, it was not executed. The memorandum of the new contract was written by A. Flores.

[1-3] All of the testimony shows that the original contract was abrogated by the agreement of parties, whether the second contract was made or not, and appellee could not hold possession of the property under the original contract, and would not be liable under it. Appellants sued on that contract, and that alone, and, that being fraudulent, and being abrogated by the parties, appellants could not recover under it, whether they executed a new contract or not. No objection was made when appellee informed A. Flores that he would not go further under the first contract, but he took memoranda of what appellee wanted, and when it was put in writing by an attorney of appellants, the parties agreed to it. It was not signed, but it was a sufficient basis for appellee to proceed and not be deemed guilty of a want of diligence in failing to institute a suit to rescind until he was sued on the original contract. Especially is this true when appellee had advanced $200 on the first contract, and had the right to protect his interests. Holding the theater and equipment was not evidence of ratification after learning the facts, but was acting under the belief that a new contract had been made.

[4] We have considered this cause for the reason that, if the judgment had no basis in the verdict, the error would be fundamental, and not from any assignment of error presented by appellants. The assignment herein copied is not found in the record, and, had it not involved a question of a fundamental character, would have not met with any consideration.

[5] Appellants seem to labor under the impression that because the jury found that the second contract was not executed appellee could not recover, although it was found that the first contract was procured by fraud and was repudiated by appellee as soon as he ascertained that he had been misled. The fraud in that contract destroyed it, and appellants had been informed by appellee that he would not operate the theater under that contract, and they, by their conduct, acquiesced in his holding the theater outside of the terms of the written contract. The evidence was ample to show that A. Flores, acting for the partnership, had agreed to make another contract, thereby acceding to appellee's decision to abrogate the first contract.

The judgment is affirmed.