McDONALD et al. v. EDWARDS et al.

No. 3251.

Court of Civil Appeals of Texas. Beaumont.

April 7, 1938.

Rehearing Denied April 20, 1938.

Neal Powers, of Tyler, Allred & Allred, of Dallas, Clark, Harrell & Clark, of Greenville, Weeks, Hankerson & Potter, of Tyler, and Black, Graves & Stayton, of Austin, for appellant.

Wilkinson & Wilkinson, of Mount Vernon, Jones & Jones, of Mineola, Paul Shenk, Jr., of Houston, H. C. Chancellor and Harold E. Wood, both of Dallas, F. B. Caudle, of Mt. Vernon, and C. H. Machen, of Dallas, and Slay & Simon, of Fort Worth, for appellees.

WALKER, Chief Justice.

The estate of Ed E. Galt, deceased, in administration in Franklin county, with his widow, Mrs. Myra Galt, the administratrix, was notoriously insolvent. Claims totaling about $60,000 had been approved by the administratrix and allowed by the court. The claim of National Life & Accident Insurance Company, Inc., hereinafter referred to as insurance company, was for the sum $4,351.99, secured by a first mortgage lien on 395 acres of land in Titus county. This land constituted the bulk—almost all—of the assets of the estate.

On the 7th day of December, 1935, the administratrix filed her application in county court, alleging that the 395 acres of land were not "worth any more than the indebtedness" of the insurance company, and prayed that she be allowed to convey it to the insurance company in cancellation of its debt. On the day the application was filed, the county court entered its order granting the relief prayed for; the order contained the following recitation:

"And it appearing to the court from the evidence adduced that there is no equity in said land for the benefit of said estate and that it would be to the interest of the estate for said land to be conveyed by the administratrix to the National Life & Accident Insurance Company, Inc., in cancellation of the indebtedness secured by the deed of trust on .said property."

On the 19th day of December, 1935, under authority of this order, the administratrix executed her deed to the insurance company, conveying to it the 395 acres of land. There is no contention that any one interested in the estate, except the administratrix and the insurance company, had notice of the application until after the court had made its order granting the relief prayed for.

On the 4th day of December, 1935, drilling operations began on "the Peveto Well," the discovery well in the Talco oil field, and in February, 1936, this well was completed "as a commercial producer";

this well was about half a mile from the 395 acres of land.

On February 2, 1936, Mary Galt, a daughter of Ed E. Galt, deceased, and on March 24, 1936, another daughter, joined by her husband and one of her brothers, and on April 11, 1936, M. L. Edwards, joined by the First National Bank of Mt. Vernon and the other creditors with approved claims against the estate, filed in the district court of Franklin county their applications for certiorari against the order of the county court, authorizing the administratrix to convey the land to the insurance company, alleging, as one error committed by the county court, that the land was worth from $10,000 to $18,000 in excess of the debt of the insurance company, for which reason the sale was not to the interest of the estate. The petitioners pleaded a tender of the amount of the claim of the insurance company, and prayed for a cancellation of the order of the county court, directing the administratrix to convey the land to the insurance company, and of the deed to the insurance company. In the first two applications only the insurance company was named as defendant; in the third application D. L. McDonald was named as a defendant, together with the insurance company. Other errors were alleged against the order of the county court, but they were stricken on the exceptions of the defendants. The applications for certiorari were duly presented to Judge Newman Phillips, sitting for the district judge of Franklin county, who ordered that the writ "do issue" as prayed for. The applications were filed and separately docketed on the docket of that court; subsequently, they were consolidated and prosecuted to judgment as one cause. The only issue of fact made by the answers of the defendants related to the actual or market value of the 395 acres of land on December 7, 1935. The administratrix answered, confessing as true all the allegations of the three applications for certiorari.

Only the following question was submitted to the jury, answered by it, "$40.00 per acre":

"What do you find from a preponderance of the evidence was the reasonable cash market value per acre of the 395 acres of land in controversy on December 7th 1935 when the County Court of Franklin County authorized the Administratrix of

the estate of Ed E. Galt to convey the land to The National Life and Accident Insurance Company in satisfaction and settlement of its debt against the estate of Ed E. Galt?"

In explanation of this issue, the court submitted the following charge:

"In answering this question you may take into consideration the reasonable cash market value of the land for agricultural and grazing purposes on Dec. 7th 1935 and you may also take into consideration the cash market value at that time, if you believe there was a cash market value, of what is called royalty interest in said land.

"In determining the market value of the land you will not take into consideration nor be influenced by oil developments in said community subsequent to Dec. 7th 1935, but will consider only the facts relative to the market value of the land on Dec. 7th 1935."

On the request of defendants, the court submitted the following special charges:

(a) "By the term 'preponderance of the evidence' as used in the court's charge is meant the greater weight and degree of credible testimony."

(b) "Reasonable cash market value as is asked about in the charge of the court means the price which the property would bring in a fair market after fair and reasonable efforts have been made to find a purchaser who will give the highest price for it."

(c) "If any member of the jury has any knowledge personal to himself relative to the Galt lands involved in this case either as to its value or other facts relating to the land, then such juror will not discuss or mention such knowledge as he may have in the presence of or to any other juror, but let your verdict be arrived at from the evidence of the witnesses who have testified in this case and from no other facts."

No other issue was requested by the defendants, and no exceptions were reserved by them against the charge.

After the jury returned its verdict, on the 18th day of December, 1935, on motion of plaintiffs, the court entered its judgment in part as follows:

"And it further appearing to the court from the answer of the jury to the special issues submitted to them that the said sum of four thousand dollars ($4,000.-

00) for which said land was directed to be sold in said order of the county court was a grossly inadequate consideration for said land and that therefore it was not to the interest of the estate and said conveyance should be made. * * *

"It is therefore ordered, adjudged and decreed by the court that the above order and judgment of the county court of Franklin county, Texas, heretofore made on the 7th day of December, 1935 and the deed executed by Mrs. Myra Galt, administratrix of the estate of Ed E. Galt, deceased to the defendant National Life & Accident Insurance Company, Inc., made in pursuance to said judgment on the 19th day of December, 1935, as aforesaid be and the same are hereby set aside and annulled.

"It is further ordered, adjudged and decreed by the court that the application of the said National Life & Accident Insurance Company, Inc., for an order authorizing the said Mrs. Myra Galt as administratrix of the estate of Ed E. Galt, deceased, to execute a deed to it in satisfaction and discharge of its debt and lien against the land described in said order be and the same is hereby denied.

"It is further ordered, adjudged and decreed by the court that the plaintiffs do have and recover of and from the defendants all costs on this behalf expended for all of which let execution issue.

"It is further ordered, adjudged and decreed by the court that this judgment be certified to the county court of Franklin county, Texas, for observance and the said county court of Franklin county, Texas, will in all things observe this judgment."

On the 18th day of December, 1936, the two defendants filed their joint motion for a new trial, and McDonald filed a supplemental motion; on that day in open court, these motions were overruled, and the defendants in open court gave notice of appeal to the Court of Civil Appeals at Texarkana. On the 25th day of January, 1937, McDonald filed his petition for writ of error against the judgment of the district court, to the Texarkana Court of Civil Appeals, and on the same day filed his writ of error bond. On the 18th day of December, 1936, Neal Powers, attorney for McDonald, made application for a transcript, which, on the 6th day of March, 1937, was delivered to McDonald, and filed by him in the Texarkana Court of Civil Appeals on the 17th day of April, 1937. The statement of facts was

also duly filed in the Texarkana Court of Civil Appeals. On the 2d day of January, 1937, the insurance company filed its appeal bond against the judgment of the district court, but made no application for a transcript, and filed no transcript in the Texarkana Court of Civil Appeals; it was in no way a party to the filing of the transcript by McDonald. The writ of error proceedings, filed by McDonald in the Texarkana Court of Civil Appeals, were transferred to this court by order of the Supreme Court. The petitioners for certiorari, plaintiffs below, will be referred to as appellees.

■ The transcript, applied for and filed by McDonald, contained the motion for new trial filed by the insurance company, the order of the court overruling its motion for new trial, its notice of appeal to the Texarkana Court of Civil Appeals, and its appeal bond. After filing its appeal bond, the insurance company made no further appearance in this cause until, on the 11th day of October, 1937, as appellant, it joined McDonald in filing briefs in this court. On this statement we sustain appellees' motion, filed on the 30th day of December, 1937, to dismiss this appeal in so far as it effects the rights of the insurance company. Hunter v. Moore, 122 Tex. 583, 62 S.W.2d 97. The insurance company concedes our power to dismiss its appeal; we quote from its brief: "We are not contending that because of the late date at which the motion to dismiss the appeal was filed the court cannot, if it desires, dismiss the appeal. But we do say that it is discretionary with the Court as to whether or not the appeal should be dismissed."

■ On the 17th day of January, 1938, appellees filed their motion to dismiss the writ of error proceedings filed by appellant McDonald, on the ground that the judgment of the lower court was not sufficiently described in the petition for writ of error and in the writ of error bond. This motion is overruled. The petition gave the style and number of the three certiorari proceedings as originally filed in the district court, and the style and number of the consolidated case; it also gave the court where the judgment was rendered and the date the motion for new trial was overruled; we quote from the petition: "That on account of the many errors in entering the original judgment in said cause and in over-ruling said motion for a new trial, as is from the Record apparent, your Petitioner desires to remove said Judgment to the Court of Civil Appeals

in and for the Sixth Supreme Judicial District of Texas at Texarkana, Texas, for revision and correction of said errors."

Under the following authorities appellees' exceptions to the petition and bond are without merit; Southern Pacific Ry. Co. v. Stanley, 76 Tex. 418, 13 S.W. 480; Warren v. Marberry, 85 Tex. 193, 19 S.W. 994; Lipscomb v. McCart, Tex.Civ.App., 295 S.W. 245.

■ In the back of his brief McDonald presents thirty-one assignments of error, but by his propositions he has brought forward for review only assignments 1 to 14, inclusive. Appellees except to these assignments on the ground that they have no support in the motion for new trial. Independent of the motions for new trial, these assignments are advanced for the first time in the brief filed in this court on the 11th day of October, 1937. On authority of Cowden v. Limpia Royalties, Tex.Civ.App., 109 S.W.2d 992, and Stillman v. Hirsch, 128 Tex. 359, 99 S.W.2d 270, construing amended court rule No. 24, for Courts of Civil Appeals, we overrule appellees' exceptions.

■ On the 11th day of December, 1937, McDonald filed in this court his supplemental brief. In so far as the supplemental brief purports to brief assignments abandoned by him in his original brief, or to present new assignments of error, it is subject to appellees' objections and exceptions that it was filed in violation of court rule No. 37 for the Courts of Civil Appeals. St. Louis Southwestern Ry. Co. v. Texas Packing Co., Tex.Civ.App., 253 S.W. 864. But to the extent that these assignments suggest fundamental error, they must be reviewed.

The following propositions, advanced by McDonald, have support in his original brief and in his supplemental brief as suggesting fundamental error:

■ (1) To make the attack by certiorari against the order of the county court a direct attack, the sureties on the bond of the administratrix were necessary parties to the applications for certiorari. An investigation of the pleadings shows that the sureties were not made parties. On authority of Jackson v. Fielder, Tex.Com.App., 15 S.W.2d 557, Judge Critz writing the opinion, this contention is denied—the sureties were not necessary parties to the applications for certiorari.

(2) The judgment of the lower court canceled and annulled the order of the county court, authorizing the administratrix to convey the land to the insurance company, and her deed to the insurance company. It is contended that the district court was without jurisdiction "to enter that portion of its judgment which sought to set aside and vacate the deed." McDonald was a purchaser, pendente lite, with knowledge that appellees had filed their applications for certiorari against the judgment of the county court; in their applications they prayed for cancellation of both the order and the deed. McDonald, holding under the insurance company, prayed that his deed "be ratified and affirmed." There is no merit in this second contention. The deed to the insurance company had support only in the application and in the order of the court authorizing the administratrix to execute the deed. When the order is rescinded, necessarily the title under the order must fail. Reynolds v. Prestige, Tex.Civ.App., 228 S.W. 358.

(3) The order of the county court, authorizing the administratrix to execute her deed to the insurance company, was only voidable, not void; and was in full force and effect on the day she executed and delivered her deed to the insurance company. On this statement we overrule McDonald's proposition that the order of the county court, in this certiorari proceeding, cannot "be set aside so as in any wise to prejudice the deed of the Insurance Company." At the time the insurance company took its deed, and, pendente lite, McDonald purchased his interest from the insurance company, the order of the county court was subject to review and annulment by the district court. McLean v. Stith et al., 50 Tex.Civ. App. 323, 112 S.W. 355; Texas Co. v. Dunlap, Tex.Com.App., 41 S.W.2d 42; Adams et al. v. Odom, 74 Tex. 206, 12 S.W. 34, 15 Am.St.Rep. 827; Cordray v. Neuhaus, 25 Tex.Civ.App. 247, 61 S.W. 415.

(4) McDonald insists that the lower court erred in canceling and annulling the deed of the administratrix in so far as it effected her personal interest in the 395 acres of land. This land was a part of the community estate of the administratrix and her deceased husband, and was subject to the payment of the community debts. She made her application to sell this land in her representative capacity, and in that capacity conveyed it to the insurance company. For McDonald's propositions to have support in law, he was required to plead and prove that the interest of Ed E. Galt in the land was sufficient to satisfy the creditors. All the land—Galt's interest and that of his wife—was subject to the community debts; the administratrix could not convey her interest, and thereby take it out of the administration, with these debts unpaid.

(5) Because the estate was insolvent, McDonald insists that the heirs had no interest therein, and were without legal right to prosecute to judgment their applications for certiorari. If this legal proposition be conceded, it has no controlling effect on the judgment of the lower court. The judgment in favor of the creditors restored the 395 acres of land to the estate of Ed E. Galt, deceased, for the purpose of general administration, and the heirs would be entitled to any residuary interest, after the payment of the debts.

(6) As a proposition of fundamental error, advanced in the supplemental brief, the court did not err in refusing to accept McDonald's tender of the difference between the purchase price paid by the insurance company and the value of the land fixed by the verdict of the jury, made for the first time in his motion for new trial. The creditors were entitled to the increased value of the land, brought about by the discovery of oil subsequent to the 7th day of December, 1935.

(7) The last assignment, advanced in the supplemental brief as one of fundamental error, involves the construction of article 3430, R.C.S.1925, as amended by Acts 1935, c. 277, § 1, Vernon's Ann.Civ.St. art. 3430. The administratrix made her application to sell the 395 acres of land, and the court entered its order authorizing her to make the sale, under the provisions of this article, which reads:

"When an executor or administrator deems it for the interest of the estate to purchase or exchange property, or to take any claims or property for the use and benefit of the estate in payment of any debt due or owing to the estate, or to compound bad or doubtful debts due or owing the state, or to make compromises or settlements in relation to property or claims in dispute or litigation, or to compromise or pay in full any secured claim which has been allowed and approved as required by law against the estate by conveying the real estate securing the payment of the claim to the holder thereof in full payment, liquidation and sat-

isfaction of such claim and the cancellation of any and all notes, deeds of trust, mortgages or other liens evidencing or securing the payment of such claim, he shall present an application in writing to the County Court representing the facts; and if the Court is satisfied that it will be to the interest of the estate to grant the same, an order shall be entered showing the authority granted. The executor or administrator may also release mortgages upon payment of the debt secured thereby."

Under this assignment McDonald makes the following points:

(a) The discretion vested in the county court by article 3430 cannot be reviewed on certiorari. The authorities deny this contention. Certiorari to the district court to review orders and judgments of the county court, under articles 932 to 940, R.C.S., is a method of direct appeal, and gives to the petitioner the right of a trial de novo in the district court, with the issues confined to the errors specified in the application for the writ. In Lee v. Benzes, Tex.Civ.App., 209 S.W. 768, 769, the court said: "Investigation of our decisions relating to certiorari to the county court has not put us in possession of any definitely expressed rule with respect to what is meant by distinctly setting forth the error in the proceeding sought to be revised. However, as a party who did not appear in the probate court may institute certiorari proceedings, * * * it appears that the inquiry is not directed as to whether the county court was justified in entering a certain order upon the evidence adduced before him, but whether the order entered is one which in view of the facts set out in the petition for certiorari is distinctly shown to be one which the law declares should not be entered. If land is worth four times the sum for which a sale is approved, an order has been entered which is grossly unjust to the heirs, and which we believe is subject to revision by certiorari, even though unaccompanied by allegations of fraud or mistake." See, also, Gulf, C. & S. F. Railway Co. v. Lemons, Tex.Civ.App., 152 S.W. 1189; Jirou v. Jirou, 104 Tex. 136, 135 S.W. 114, 115; O'Bryant v. Montgomery, Tex.Civ.App., 236 S.W. 1116; 21 Tex.Jur. 375, 377; 9 Tex. Jur. 26.

(b) It is further contended that the discretion vested in the county court by article 3430 cannot be reviewed on certiorari except on a showing of abuses of its discretion "to an extent that the judicial conscience is shocked; and since reasonable evidence was offered in support of the probate court's order, it cannot be said that the exercise of its discretion has been abused within the prohibited degree." What we have said under point (a) denies this contention.

(c) We quote this point in the words of McDonald:

(a) "The test applied by the district court in determining whether the compromise sale was to the interest of the estate was clearly erroneous. The finding of the jury supplemented by that of the district court is insufficient to show that the sale was not to the interest of the estate within the meaning of article 3430 correctly interpreted."

(b) "Such a sale will not be set aside for inadequacy of price unless it be so great as to establish fraud or sharp practice in connection with the making of the sale; and here there is no evidence of such inadequacy of price as is sufficient to support a finding of fraud or sharp practice connected with the sale."

These contentions are without merit. By his answer McDonald made the issue—the only issue—of "market value." The court submitted that issue to the jury without objection or exception by him, and charged the jury on the law of that issue. Not satisfied with the court's charge, as shown by the statement above, McDonald requested additional charges on the issue of "market value." The jury returned its verdict on the court's charge, and there is no contention before us that the verdict was without support. The court made a supplemental finding, and there is no assignment that this finding is without support in the evidence, nor is there an assignment that the court was without power to make the supplemental finding. On this statement, we conclude that McDonald, having pleaded and tried his case on one theory, cannot adopt a new theory of defense on appeal. 3 Tex.Jur. 168 to 176; City of Wichita Falls v. J. J. & M. Taxman Refining Co., Tex.Civ. App., 74 S.W.2d 524.

But, if we are in error in our conclusion that McDonald is estopped by reason of the position taken by him in the lower court, on the theory that this assignment invokes a construction of article 3430, not within the rule of estoppel but supported by Western Union Tel. Co. v. Eckhardt, Tex.Com.App., 11 S.W.2d 777, and Reynolds v. McMan Oil & Gas Co., Tex.Com.App., 11 S.W.2d 778,

it is our conclusion that the lower court did not err in his construction of this article.

It was the theory of the applications for certiorari, accepted by the lower court and by McDonald on the trial, that, acting under article 3430, the county court abuses the discretion vested in it, authorizing a conveyance in satisfaction or cancellation of a debt, unless the canceled debt represents the fair value of the land, unless the debt constitutes an adequate consideration for the land. It is McDonald's theory on appeal, advanced by him as a proposition of fundamental error that, in determining whether a sale under article 3430 is "to the interest of the estate," the price paid must be compared with the price that might have been paid "under the hammer at forced sale." Under this proposition McDonald says, "There are no decisions passing upon the validity of a conveyance under article 3430." He cites authorities construing sales "under the hammer at forced sales," and invokes these authorities in support of the order of the county court authorizing the administratrix to convey the land to the insurance company. If McDonald is not estopped to make this contention, or if the applications failed to state a cause of action, or if the verdict of the jury and the supplemental finding of the court were insufficient to support the judgment, then we have before us fundamental error, requiring a reversal of the judgment of the lower court. Flores v. Schwartz, Tex.Civ.App., 259 S.W. 266, 267; Cisco Building & Loan Ass'n v. Mason, Tex.Civ.App., 12 S.W.2d 1106, 1107.

 But we cannot accept McDonald's construction of article 3430. Under our judgment a sale under this article is in no way analogous to a sale "under the hammer at forced sale." No contention is made that the creditors had notice of the sale—McDonald insists that, under this article, notice was not a prerequisite. The applicants stated in their applications that in making the order the county court abused its discretion and committed error because it heard no evidence to support a finding that the sale was "to the interest of the estate." On McDonald's exception that allegation was stricken from the pleadings. Also, it appears that none of the safeguards of an execution sale can be invoked in a sale under this article as McDonald construes it— notice, public sale, competitive bidding, etc. For this reason, the authorities construing an execution sale are not in point in support

of a sale under article 3430. Again, there is no provision for a direct appeal or review by writ of certiorari from an execution sale, while these rights are given a party as against a sale under article 3430. Again, if McDonald has correctly construed this article, it rests within the discretion of the county court, forceably illustrated by the facts of this case, to work a great injustice to the creditors, against which they can have no relief. Appellees pleaded, and the court tried, the case on the correct construction of article 3430.

In conclusion, we say that McDonald has brought forward in his brief testimony supporting the contention that the insurance company paid a reasonable value for the land.

This case was correctly tried in the court below. The judgment against D. L. McDonald is in all things affirmed. The appeal of National Life & Accident Insurance Company, Inc., is dismissed.