CONNELL, GUARDIAN, v. CHANDLER, ADM'R, AND ANOTHER.

It would seem that it is the duty of the Chief Justice, under the statute, (Hart. Dig. Art. 1153, 1154,) without formal applications, to fix the amount of the year's allowance, and to set apart the property exempt from forced sale, at the times specified in the statute; but it is proper that applications be made, although they need not appear of record; and the requisite information must be afforded, to enable the Chief Justice to perform the duty according to the requirements of the law; at all events, where the Chief Justice has acted, and the widow or children complain of the amount, it cannot be objected to their petition for *certiorari*, that no application was made to the Chief Justice, in the premises.

Where there has been a failure, on the part of the Probate Court, to set apart for the use of the minor children, the property exempt from forced sale, and the property has been sold by order of the Court, it is not error, in a *certiorari* from the District Court to revise and correct the proceedings in the Probate Court, to join with the administrator, the purchaser of the property at the probate sale; the rule is that all the parties in interest, and whose rights are to be directly affected by the decree, must be made parties, in order that the Court may be en-

abled to render a decree which shall do ample and complete justice to all, and which shall bind all.

In a petition for a *certiorari* to revise and correct the proceedings in the Probate Court, where there has been a failure to set apart for the use of minor children, the homestead exempt from forced sale, and the property has been sold under an order of that Court, it is not necessary to give a particular description of the land.

Filing an amendment without leave of the Court is an irregularity, but not such an one as should deprive a party of his right; the leave of the Court is a matter of course ; and if the amendment be proper, and in proper time, and the omission to obtain leave has not been the occasion of surprise or prejudice to the opposite party, the amendment will be considered.

Appeal from Caldwell. The appellant, as guardian of certain minor heirs, filed his petition in the District Court, under Article 807 of the Digest, to obtain a *certiorari* to bring up, for revision and correction, certain proceedings of the County Court, respecting the making of an allowance for the support of the plaintiff's wards, and the setting apart of the property exempt from forced sale, as provided in Articles 1153 and 1154 of the Digest. The petition alleged that the father died possessed of property real and personal ; that administration was granted on the estate ; that an inventory was returned by the administrator ; that the deceased left no widow, and that the plaintiff's wards were the only children of the deceased ; and that the County Court did not set apart an allowance for their support, or the amount of property to which they were entitled, as exempt from forced sale, as the law required ; but refused so to do ; that only fifty acres were set apart to the minor children, when they were entitled to two hundred acres, and that the Court refused to make the allowance to which they were by law entitled ; that Chandler, (one of the appellees,) had obtained administration on the estate, and, under an order of the Court, had sold a part of the land constituting the homestead, to which the said minor children were entitled ; that Fuller (the other appellee) became the purchaser, and that the sale was illegal and void. The petition prayed for a *certiorari* to bring up, for revision and correction, the record of the proceedings of the County Court ; that the proper allowance be made to the plaintiff's wards ; that the

property to which they were entitled, be set apart to them; that the sale of the land, a part of the homestead, be set aside and annulled, and the land, so sold, adjudged to them. Chandler and Fuller were made parties defendant.

The defendants filed an answer containing exceptions to the petition, and assigning as causes of exception the following: 1st. That it appeared from the record, brought up in obedience to the *certiorari*, that the plaintiff had not made application to the County Court to make the proper allowance, or to set aside the property to which his wards were entitled; 2nd. That there was a misjoinder of parties; and 3rd. That the petition did not sufficiently describe the land, claimed as a part of the homestead. There was an amended petition filed, in which the land claimed was particularly described. This petition appeared to have been filed two days before the judgment of the Court, upon the exceptions to the petition; but it did not appear to have been filed with leave of the Court. The Court sustained the exceptions, and dismissed the case; and the plaintiff appealed.

*Giddings*, for appellant.

*Chandler & McFarland*, for appellees.

WHEELER, J. The question, to be determined, is, as to the propriety of the ruling of the Court, upon the exceptions to the petition.

The statute makes it the duty of the Chief Justice of the county, to fix the amount of the allowance for the year's support of the widow and children, or widow or children, of the deceased, at the first Term of the Court after the grant of letters testamentary or of administration; and to set apart, for their use, the property exempt from execution or forced sale, at the first Term of the Court after an inventory and list of claims has been returned. (Dig. Art. 1153, 1154.)

The law, in its terms, makes the duty absolute and impera-

tive, and fixes the time of its performance. No formal application, therefore, is necessary, to render it obligatory upon the Chief Justice, to make the prescribed provision. It would doubtless be proper that application be made; and the requisite information must be afforded, to enable the Chief Justice to perform the duty according to the requirements of the law. But the application need not necessarily appear of record among the proceedings of the Court. The petition alleges that the Court refused to make the required allowance and apportionment of the property; and this was sufficient to authorize the application to the appellate Court. It is objected that it appears from the record of the proceedings of the County Court, brought up by the *certiorari*, that no application for a proper allowance and disposition of the property was made. But this is a misapprehension of the fact. It does not, it is true, affirmatively appear that application was made. Nothing appears affirmatively, on that subject. But it does appear that the Court undertook to act on the subject of the allowance and apportionment of property, first making a general order that the property of the deceased, exempt from forced sale, be set apart to the minor children, without specifying what property; and afterwards making an order setting apart "fifty acres of land including the homestead," and certain other specified property. The Court, therefore, appears to have taken action on the subject; and it is of this action of the Court that the plaintiff seeks a revision. Whether the action, complained of, was upon application of the plaintiff or not, is immaterial. If illegal, it is his right to have it revised and corrected. There is, therefore, nothing in the objection, founded on the supposed want of application to the Court, to make the allowance and disposition of property, in behalf of the plaintiff's wards, which the law prescribes.

The objection that there was a misjoinder of parties is not tenable. It was proposed to bring in question the validity of the sale under which the defendant Fuller purchased. And it was certainly proper to make him a party to a proceeding

Connell v. Chandler.

in which his rights were to become directly the subject of adjudication. The rule is, that all the parties in interest, and whose rights are to be directly affected by the decree, must be made parties, in order that the Court may be enabled to render a decree which shall do ample and complete justice to all, and which shall bind all.

If this were an action of trespass to try title to the land sold to the defendant, there would be force in the objection that it was not sufficiently described in the petition. But, considered as a proceeding to revise and correct the proceedings of the County Court, and to set aside the order of sale, a particular description of the property sold was not necessary.

But if, in order to enable the Court, when it shall have obtained cognizance of the case, to set aside the land to which the plaintiff's wards are entitled, and to render a decree which shall do complete justice between all the parties, a particular description of the land in question be necessary, it is given in the amended petition. The amendment fully obviates this objection. To this it is objected, that it does not appear to have been filed with the leave of the Court. This is an irregularity; but not such an one as should deprive a party of his right. It is the right of a party to amend, subject only to the qualification that the amendment be proper and in proper time. The leave of the Court is a matter of course. Its only object is to give notice of the proposed amendment. Its omission—the frequent result of inadvertence in the preparation of amendments—should not deprive a party of the benefit of his amendment, unless the omission has been the occasion of surprise or prejudice to the opposite party.

We are of opinion that the exceptions to the petition were not well taken; and that the Court erred in sustaining them; for which the judgment is reversed, and the cause remanded.

Reversed and remanded.