## LORA JIROU v. MOLLIE JIROU ET AL.

### No. 2136. Decided March 8, 1911.

**1.—Practice on Appeal—Jurisdiction—Dismissal.**

The trial court having overruled a motion to dismiss a proceeding in the District Court to review on certiorari a judgment of the County Court in a guardianship matter, and on trial on the merits having rendered judgment for defendant, a motion of the latter to dismiss plaintiff's appeal for lack of jurisdiction in the County Court was properly overruled. The cause having proceeded to final judgment, any errors therein were reviewable on appeal and not on motion to dismiss it.   (Pp. 140, 141.)

**2.—Guardianship—Appeal—Certiorari—Bill of Review.**

A judgment in guardianship matters in the County Court may be reviewed on certiorari proceeding in the District Court, under article 2800, Revised Statutes, without resorting to the bill of review allowed by article 2799.   (P. 141.)

**3.—Same—Constitution.**

The fact that the control of the District Court over orders of the County Court in probate and guardianship matters is appellate only, does not restrict the Legislature to providing for revision of errors in such proceedings. A trial de novo on certiorari was equally appellate in its nature.   (P. 141.)

Questions certified from the Court of Civil Appeals, First District, in an appeal from Jefferson County.

*Dougherty, Conley & Gordon,* for appellant.—Where a judgment has been rendered in ignorance of some fact which would render it void or voidable, the error at common law could be corrected by a proceeding instituted after the adjournment of the term, known as a writ of error coram nobis; and in our practice this proceeding has been superseded by the more expeditious remedy of a motion to vacate the judgment in the court in which the error occurred. Martel v. Hernsheim, 9 Texas, 293; Armstrong v. Nixon, 16 Texas, 611; Musselman v. Strohl, 83 Texas, 473; Cruger v. McCracken, 87 Texas, 584; Tennessee Code, sections 4844-4845; McLemore v. Durivage, 22 S. W., 207.

The amended motion of the plaintiff filed on March 12, 1908, to vacate and set aside the judgment of dismissal and to reinstate the case on the docket, to which defendants, McFaddin and Averill, appeared and resisted, was sufficient in form and substance as an original proceeding or bill of review to confer jurisdiction on the District Court as a court of equity, with all of the parties before it, to vacate and set aside the order of dismissal and to reinstate the case on the docket. Black on Judgments, secs. 241, 357 (2d ed.); Stewart v. Jones, 9 Texas, 469; Gorman v. McFarland, 13 Texas, 237; Edwards v. James, 13 Texas, 52; Mussina v. Moore, 13 Texas

7; Clayton v. Hurt, 88 Texas, 595; McCord Collins Com. Co. v. Stern, 61 S. W., 341; Logan v. Robertson, 83 S. W., 395.

A judge of a court is disqualified to make and enter orders divesting the title to property under his control and conveying the same to purchasers who are related to him within the degrees prescribed by the constitution and statute, and the said orders thus made by the disqualified judge can be appealed from, reviewed and set aside by writ of certiorari issued from the District Court. Hirschfield v. Davis, 43 Texas, 155; Hardin v. Smith, 49 Texas, 420; James v. Nease, 69 S. W., 110; Livingston v. Cochran, 33 Ark., 295; Frieburg v. Isbell, 25 S. W., 988; Nona Mills Co. v. Wingate, 113 S. W., 182; Williams v. Steele, 101 Texas, 382; Heaton v. Buhler, 127 S. W., 1078.

While a party interested in a probate proceeding may file a bill of review asking that the County Court correct erroneous orders made, before appealing from the orders thus made to the District Court; yet, the filing of a bill of review is not made a condition precedent to the right of appeal from such orders to the District Court by the statute and the courts have no power to impose this restriction on the right of appeal. Lynch v. Broad, 70 Texas, 92; Williams v. Steele, 101 Texas, 382; Heaton v. Buhler, 127 S. W., 1078; Greer, Mills & Co. v. Featherston, 95 Texas, 654.

A proceeding by certiorari issuing out of the District Court to correct orders of the Probate Court under which a hearing is had de novo is one of the modes of appeal from the orders and judgments of the Probate Court provided by the Legislature, and is in no sense an original suit in the District Court, and is not a collateral attack upon the orders appealed from. Lynch v. Broad, 70 Texas, 92; Wipff v. Herder, 26 S. W., 118; Kalteyer v. Wipff, 49 S. W., 1055; Kalteyer v. Wipff, 92 Texas, 673; Friend v. Boren, 95 S. W., 711.

*Greers & Nall* and *Parker & Hefner,* for appellees.—The District Court having entered its final judgment dismissing the cause for want of prosecution, and no motion for a new trial or to reinstate having been filed until another term of the court, it had no jurisdiction to then entertain a motion to reinstate, and the District Court being without jurisdiction, the Court of Civil Appeals was without appellate jurisdiction to try the cause on its merits. 1 Sayles' Civ. Stat., arts. 1373-1374; Eddleman v. McGlathery, 74 Texas, 280; Overton v. Blum, 50 Texas, 417; Johnson v. Templeton, 60 Texas, 238; Western U. Tel. Co. v. Hudson, 103 Texas, 88; Carter v. Kiernan, 115 S. W., 272.

The District Court, under the change in the Constitution, has no original jurisdiction to review, set aside and annul the orders of the County Court, but only has appellate jurisdiction by either an appeal direct or by certiorari, after it has been shown the County Court has refused to correct its alleged errors. Contitution, art. V, secs. 8 and 16; Reems v. Masterson, 80 Texas, 52; Driggs v. Grantham, 41 S. W., 411; Layne v. Sanford, 82 Texas, 63; Heath v. Layne, 62 Texas, 689; Franks v. Chapman, 60 Texas, 47.

Mr. Chief Justice Brown delivered the opinion of the court.

This is a Certified Question from the Court of Civil Appeals of the First Supreme Judicial District. The statement and questions are as follows:

"This proceeding was begun by a petition for certiorari filed by appellant in the District Court for the Sixtieth Judicial District, on September 29, 1906, against appellee Mollie Jirou, guardian, and against W. P. H. McFaddin and W. C. Averill. The petition alleges that a guardianship of the estate of plaintiff is pending in the County Court of Jefferson County, the defendant Mollie Jirou being the guardian of said estate; that an order of sale had been made in said guardianship directing defendant Mollie Jirou to sell the interest of plaintiff in certain lands in Jefferson County described in the petition and that in pursuance of said order a sale of said lands was made by the guardian to the defendants McFaddin and Averill, and had been confirmed by said County Court.

"The petition asks that the order of sale and the order confirming said sale be set aside upon the following grounds:

"'First, because the judge of the probate court who made and entered the order of sale, and confirmed the sale as made, was disqualified for the reason that he was related by consanguinity within the third degree to W. P. H. McFaddin, and to the wife of W. C. Averill, the other purchaser of the property at the guardian's sale, and therefore the order of sale and order confirming the sale were void; second, because the order of sale and order of confirmation were void for uncertainty in the description of the land proposed to be sold and that such uncertainty of the description was calculated to deter bidders and thereby prevent the property from bringing its true value at said sale; third, because there was in fact no necessity for the sale and that the guardian was induced to take out letters of guardianship on the estate of her daughter and to sell this property by reason of threats on the part of the purchasers to have a guardian appointed of the person and estate of the child, and her daughter taken from her.'

"Upon the filing and presentation of this petition to the district judge he endorsed thereon an order for the issuance of a writ of certiorari, 'provided the plaintiff file with the clerk a bond in a sum of not less than $250.00 and for such additional amount as the clerk should deem necessary.'

"The bond was filed in accordance with this order and the writ of certiorari issued.

"At the December term, 1906, of the court the defendants filed their answer, and the cause was set for trial on January 5, 1907. On the day named plaintiff failed to appear in person or by attorney and on motion of attorney for the defendant the cause was dismissed for want of prosecution.

"The term of the court expired January 27, 1907. Thereafter, on March 11, 1907, the plaintiff filed the following motion to reinstate the cause:

" 'Lora Jirou

v.

Mollie Jirou

W. P. H. McFaddin, et al.

No. 5873.

In District Court, Jefferson County, Texas.

.......... Term, 1908.

" 'To the Honorable Judge of said court:

" 'Now comes the plaintiff amending her original motion filed herein March 11, 1908, and shows to the court that on the 5th day of December, 1907, the above styled and numbered cause was pending herein, being upon the nonjury docket, and on said day Hal W. Greer, Esq., the leading attorney for the defendant, in the absence and without the knowledge or consent of plaintiff of her attorney, Matt Cramer, induced the court to set said cause for hearing on the 5th day of January, 1908, that on said last named date plaintiff and her attorney failing to appear, said cause was dismissed for want of prosecution. And plaintiff further shows to the court that said case was so set with the understanding that plaintiff or her attorney should be notified and their assent secured thereto; that when said cause was set plaintiff's attorney was seriously ill, that on the 6th day of December, 1907, said Greer's notice was received by plaintiff's attorney and on the 9th day of December, 1907, said attorney notified said Greer by letter that he was seriously ill and could not make any agreement in reference to said case; that her said attorney was still ill on the day set for trial and remained so for more than a month thereafter, and until after the close of the term of said court on the 25th of January, 1908, and during no part of such time being able to leave his room; that several days prior to the day upon which said cause was set plaintiff's attorney notified your Honor by letter that he was sick and asking that said cause be continued; that Your Honor was absent from the city and did not read said letter, as plaintiff is informed, until after said case had been dismissed, and plaintiff believes that if said letter had been received and read in due time that the court would have refused to dismiss the same; that after receipt of said letter, on next day, your Honor assured plaintiff's attorney by 'phone that the case would be reinstated; that said case is an important and meritorious one, the whole of plaintiff's estate being involved therein, and if said dismissal be not set aside she can not refile said case and obtain the redress to which she believes she is entitled, because the action would be barred by the two year statute of limitation; that said case was not reached upon regular call of the docket nor called in its order; that it was from no lack of diligence or attention that plaintiff or her attorney was not present to prosecute said case; that plaintiff's attorney having notified the said Greer that he was ill and could not make any agreement in regard to said trial it was not supposed said case would be called for trial at said time; that said dismissal was unusual in this court and contrary to custom as such action is uniformly denied when the sole attorney for party is disabled by sickness. Plaintiff further states, upon information, that said Greer did not appear on said day nor in any way urge the dismissal of said case; that O. S. Parker, Esq., was present, as she is informed, and asked for the dismissal but he represents W. C. Averill, one of the defendants, who has disclaimed all

interest in the land in suit and the sale of which is being sought to be annulled and set aside and if his allegations are true has very little concern as to the disposition of the case.

Wherefore plaintiff says that said case ought not to have been dismissed and she respectfully prays that your Honor will set aside order of dismissal and reinstate the same upon said docket and set it down for hearing at some future day in the April Term of said court to be designated by your Honor, and she will ever pray.

" 'Matt Cramer, Attorney for Plaintiff.

" 'Filed March 12, 1908, B. Boykin, Clerk District Court, Jefferson County, Texas, by D. Gray, Deputy.'

"The only exception or plea filed by the defendants to this motion is as follows:

" 'Now come the defendants, W. P. H. McFaddin and W. C. Averill and make known to the court that this case was dismissed and stricken from the docket for want of prosecution on the 5th day of January, 1908, and that the court for that term adjourned on the 27th day of January, A. D., 1908, but the pending motion for a new trial appears to have been filed on the 11th day of March, A. D., 1908, about one and a half months after the adjournment of the court, at which the order of dismissal was entered.

" 'Wherefore, these defendants move the court to strike out said motion and hold the same for naught.'

"That court overruled this exception and granted the motion to reinstate.

"The cause was continued from term to term until October, 1908, when a trial was had with jury which resulted in a verdict and judgment for the defendants.

"Plaintiff appealed from this judgment and the appeal is now pending in this court. Before the submission of the cause in this court appellees filed a motion to dismiss the appeal, on the ground that the trial court was without jurisdiction to reinstate the cause at a term subsequent to that at which it had been dismissed for want of prosecution and therefore the order of reinstatement was void, and there being no jurisdiction in the trial court to proceed with the trial of the cause, this court has acquired no jurisdiction by appeal to hear and determine the matters involved on such trial.

"This motion was taken with the case and on a former day of this term we overruled the motion and reversed the judgment of the court below and remanded the cause for new trial. Appellees have filed a motion for rehearing which is now pending.

"Upon the foregoing statement we respectfully certify for your decision the following questions:

"1.   Did we err in not sustaining the motion to dismiss the appeal?

"2.   Did the trial court, upon the grounds stated in the petition, acquire jurisdiction by certiorari to try the cause, or was appellant required to first proceed by bill of review in the County Court before a qualified judge?"

To the first question we answer, No. The trial court having over-ruled the motion of the defendant below to dismiss the proceedings

from that court and, after regular trial, having entered a final judgment, the Court of Civil Appeals had jurisdiction to review that judgment and to correct any errors committed in that proceeding.

To the second question we answer—it was not necessary to first proceed by bill of review in the County Court before applying for a writ of certiorari to the District Court. Lynch v. Broad, 70 Texas, 92.

Article 2799, Revised Statutes, reads:

"Any person interested may, by bill of review filed in the court in which the proceedings were had, have any decision, or judgment rendered by such court, or by the judge thereof, revised and corrected on showing error therein. But no process or action under such decision, order or judgment shall be stayed except by writ of injunction."

This provides a means by which the County Court may be called upon by parties interested to review its own action, but there is nothing in the statutes which imposes upon parties a resort to a bill of review before seeking a revision by the District Court under article 2800 of the Revised Statutes, which reads:

"Any person interested may also have any decision, order or judgment of the County Court or county judge revised and corrected by writ of certiorari from the District Court under the same rules and regulations as are provided in estates of decedents."

This latter article affords to any party interested in the proceeding a remedy by which the jurisdiction of the District Court may be invoked to review the proceedings of the County Court.

Appellees insist that the law which authorizes the trial of a case *de novo* upon certiorari is unconstitutional, but we are not able to appreciate the objection. It is true that the jurisdiction of the District Court over the County Court is appellate in its nature, but it may be exercised by a trial upon the facts of the case as well as by a revision of the record made in the lower court.