D. L. McDonald et al v. M. L. Edwards et al.

No. 7528.   Decided July 23, 1941.
(153 S. W., 2d Series, 567.)

424

*Weeks, Hankerson & Potter* and *Neal Powers*, all of Tyler, *Clark, Harrell & Clark*, of Greenville, *Allred & Allred*, of Dallas, and *Black, Graves & Stayton*, of Austin, for plaintiffs in error.

It was error for the Court of Civil Appeals to hold that the district court had jurisdiction in a certiorari proceeding to enter that portion of its judgment which set aside and annulled the deed executed by the administratrix to the insurance company. Pure Oil Co. v. Reece, 124 Texas 476, 78 S. W. (2d) 932; Groesbeck v. Groesbeck, 78 Texas 664; Rutherford v. Stamper, 60 Texas 447.

*F. B. Caudle,* and *Machen, Chancellor & Wood,* and *R. T. Wilkinson, Jr.,* all of Dallas, *Jones & Jones,* of Mineola, and *R. T. Wilkinson,* of Mt. Vernon, for defendants in error.

A district court has jurisdiction in a certiorari proceeding to set aside an order of the probate court authorizing the sale of land where the same is sold for a grossly inadequate consideration. Clopper v. Hutcheson, 40 S. W. 604; Schwind v. Goodman, 221 S. W. 579. Fitzwilliams v. Davie, 43 S. W. 840.

W. Edward Lee, of Longview, filed brief, as amicus curiae.

MR. JUSTICE SHARP delivered the opinion of the Court.

After a careful consideration of the motion for rehearing submitted herein, we have decided to withdraw the original opinion rendered on April 30, 1941, and the concurring opinion of Chief Justice Alexander, and substitute therefor the following opinion:

The estate of Ed E. Galt was being administered in the Probate Court of Franklin County. On the application of the administratrix the court entered an order authorizing her to convey to the National Life & Accident Insurance Co., Inc., a tract of land in cancellation of the Insurance Company's debt, which was secured by a first lien on the land. After the administratrix had executed and delivered the deed in accordance with the probate order, the heirs of the deceased Ed E. Galt, the First National Bank of Mt. Vernon, which held a second lien on the land, and other creditors sued out a writ of certiorari to the district court, and sought to have the probate order and the administratrix's deed annulled. A trial in the district court resulted in a judgment annulling both the probate order and the deed. The Insurance Company and D. L. McDonald, who in the meantime had purchased the land from the Insurance Company, appealed. The Court of Civil Appeals affirmed the judgment of the trial court. 115 S. W. (2d) 762.

The principal question presented here is whether the district court in such writ of certiorari proceeding had jurisdiction to set aside and annul the probate orders previously entered and to annul and cancel the deed executed by virtue of such orders, under which the sale of the land was made.

Section 16 of Article V of the Constitution confers upon

the county court general jurisdiction in probate matters. Section 8 of Article V of the Constitution defines the jurisdiction of the district court. It provides that the district court shall have original jurisdiction "of all suits for trial of title to land and for the enforcement of liens thereon." It also provides that "The District Court shall have appellate jurisdiction and general control in probate matters, over the County Court established in each county, for appointing guardians, granting letters testamentary and of administration, probating wills, for settling the accounts of executors, administrators and guardians, and for the transaction of all business appertaining to estates; and original jurisdiction and general control over executors, administrators, guardians and minors under such regulations as may be prescribed by law."

It is contended that the Court of Civil Appeals erred in holding that the district court has jurisdiction in a certiorari proceeding to enter that portion of its judgment which set aside the order authorizing the sale and the deed executed by the administratrix to the Insurance Company. This question involves the construction of certain articles of our Revised Civil Statutes.

Article 932 reads as follows: "Certiorari to County Court. Any person interested in the estate of a decedent or ward may have the proceedings of the county court therein revised and corrected at any time within two years after such proceedings were had, and not afterward. Persons non compos mentis, infants and femes covert shall have two years after the removal of their respective disabilities within which to apply for such revision and correction."

Article 933 provides that: "An application for writ of certiorari to the county court shall be made to the disrtict court, or a judge thereof. It shall state the name and residence of each party adversely interested, and shall distinctly set forth the error in the proceeding sought to be revised."

Article 934 provides that a bond shall be executed as provided for in such article; and other articles specify the mode of perfecting such appeal.

Article 939 provides: "The cause shall be tried de novo in the district court, but the issues shall be confined to the grounds

of error specified in the application for the writ. The judgment shall be certified to the county court for observance."

Article 4329 reads as follows: "Any person interested may also have any decision, order or judgment of the county court or county judge revised and corrected by writ of certiorari from the district court under the same rules and regulations as are provided in estates of decedents."

The statute authorize any person aggrieved by an order or degree of the probate court to invoke the jurisdiction of the district court by a direct appeal or by certiorari. Articles 932 and 3698. It would serve no useful purpose to discuss . here the rules relating to a direct appeal from the probate court to the district court, because that question is not involved here. For a discussion of the principles relating to such appeal, see 13 Tex. Jur., p. 639 et seq., and cases cited. We shall not confuse the issues by a discussion of the different methods of appeal authoried by statute, but will confine our discussion to the precise question before us—an appeal by certiorari.

1, 2 We recognize that the jurisdiction of the district court in certiorari proceedings involving estates of decedents is appellate. Constitution, Article V, Section 8; Jirou v. Jirou, 104 Texas 136, 135 S. W. 114; Buchanan v. Bilger, 64 Texas 589; Heath v. Lane, 62 Texas 686; Franks v. Chapman, 60 Texas 46; Pure Oil Co. v. Reece, 124 Texas 476, 78 S. W. (2d) 932; 9 Tex. Jur., p. 25, sec. 6. While the statute provides that "anyone interested in the estate" may have the proceedings of the probate court reviewed by certiorari, and it is not necessary that all parties who may appear to be interested in the subject-matter should join as plaintiffs, the rule, however, is that all the parties in interest, and whose rights will be directly affected by the decree, must be made parties defendant in the petition. 9 Tex. Jur., p. 31, sec. 13.

This Court has liberally construed the right of parties to invoke the jurisdiction of the district court in certiorari proceedings to review the orders of the probate court. Connell v. Chandler, 11 Texas 249; Reynolds v. Prestidge (Civ. App.), 228 S. W. 358; Williams v. Steele, 101 Texas 382; 108 S. W. 155; Heaton v. Buhler, 60 Civ. App. 423, 127 S. W. 1078; Norris v. Duncan, 21 Texas 594; Jirou v. Jirou, 104 Texas 136, 135 S. W. 114; Linch v. Broad, 70 Texas 92, 6 S. W. 751; 21 Tex. Jur., pp. 375-378, secs. 110 and 111.

The case of Connell v. Chandler, supra, involved certiorari proceedings sought to invoke the jurisdiction of the district court to revise and correct certain proceedings of the probate court. The petition prayed for certiorari to bring up for correction and revision the record of the proceedings of the county court, and, among other things, that the sale of land, a part of the homestead, be set aside and annulled, and that the land so sold be adjudged to petitioners. This Court, in passing upon a plea of misjoinder of parties, in that case said: "The objection that there was a misjoiner of parties is not tenable. It was proposed to bring in question the validity of the sale under which the defendant Fuller purchased. And it was certainly proper to make him a party *to a proceeding in which his rights were to become directly the subject of adjudication. The rule is, that all the parties in interest, and whose rights are to be directly affected by the decree, must be made parties, in order that the Court may be enabled to render a decree which shall do ample and complete justice to all, and which shall bind all.*" (Emphasis ours.) The Court further in the course of the opinion specified that a particular description of the land was necessary, *"in order to enable the Court, when it shall have obtained cognizance of the case, to set aside the land to which the plaintiff's wards are entitled, and to render a decree which shall do complete justice between all the parties."* (Emphasis ours.)

The case of Jirou v. Jirou, supra, also involved a certiorari proceeding filed in the district court. The petition alleged that a guardianship was pending in the County Court of Jefferson County, and that Mollie Jirou was the guardian of said estate; that an order of sale had been made in said guardianship, directing Mollie Jirou to sell the interest in certain lands described in the petition, and that in pursuance of said order a sale of said lands had been made by the guardian, and that such sale had been confirmed by the county court. It was sought to set aside the order of sale and the order confirming said sale on various grounds. The Court of Civil Appeals certified to this Court the question: "Did the trial court upon the grounds stated in the petition acquire jurisdiction by certiorari to try the cause, or was appellant required to first proceed by bill of review in the county court before a qualified judge?" This Court, in answer to such question, held that it was not necessary to first proceed by bill of review to the county court before applying for certiorari to the district court. This Court further held that any party interested in the proceeding by

virtue of Article 2800 (now Article 4329) had a remedy by which the jurisdiction of the district court might be invoked to review the proceedings of the county court. In the course of the opinion this Court said: "Appellees insist that the law which authorizes the trial of a case de novo upon certiorari is unconstitutional, but we are not able to appreciate the objection. It is true that the jurisdiction of the District Court over the County Court is appellate in its nature, but it may be exercised by a trial upon the facts of the case as well as by a revision of the record made in the lower court."

3  It is true that a certiorari proceeding in a probate matter is one of the methods of appeal provided by statute. At the same time, it is a direct proceeding. Clearly, under the holding in Connell v. Chandler, supra, Reynolds v. Prestidge, supra, Jirou v. Jirou, supra, and Linch v. Broad, supra, the district court, in a certiorari proceeding, has power to exercise its appellate probate jurisdiction to annul a probate order and the deed executed by virtue of such order. The rule has been stated in 21 Tex. Jur., pp. 376 and 377, in the following language:

"The proceeding by certiorari is direct and it is in no sense a collateral attack. While it is appellate in its nature, it seems that the powers of the court in the trial and disposition of the matters in issue are not precisely the same as those of an appellate or revisory court.

"The statute provides that the trial in the District Court shall be de novo, * * *. Accordingly it has been held that the District Court may neither affirm nor reverse the order of the County Court upon the record sent up; it must retry the case upon the merits as if it were an original suit."

In Linch v. Broad, supra, it was said: "The proceeding by certiorari is a direct proceeding, and can not be considered, in any sense, a collateral proceeding."

The jurisdiction of the district court was invoked by certiorari proceedings as authorized by the statutes. Under such proceedings all persons interested in the orders of the probate court must be made parties and served with process. The case shall be tried de novo, and the issues shall be confined to the grounds of error specified in the application for the writ.

The allegations in the application for the writ of certiorari

related to the order of the probate court authorizing the sale of the land, and the deed executed by the administratrix pursuant thereto. By such allegations it was sought to have the order and the deed cancelled, but not to divest title to such land out of the vendee or its assigns. The judgment of the district court annulled the order of the probate court authorizing the sale of the land and the deed made by the administratrix to the Insurance Company, but such judgment did not undertake to adjudicate the title of the vendee or its assigns. A judgment annulling the order and the deed would not divest the title out of the vendee or its assigns. That question was not embraced in the application for the writ, and therefore it remains undetermined.

It is further contended that the Court of Civil Appeals erred in holding that the deed made by the administratrix under the order of the court to the Insurance Company had support only in the application and in the order of the probate court authorizing the administratrix to execute the deed, and that when the order was rescinded it necessarily followed that the title under the order failed.

4 The Insurance Company held liens against the land involved here, and made an application to the court to sell such land to satisfy such liens against said land. The matter was presented to the court, and the same day that said petition was presented the court, by virtue of Article 3430 of Revised Civil Statutes, granted the order of sale authorizing the administratrix to execute a deed to the Insurance Company. Thereafter certiorari proceedings were instituted to set aside the order of the probate court directing the sale of such land. During the pendency of the certiorari proceedings the Insurance Company sold and conveyed the land to D. L. McDonald. The Insurance Company undertook to appeal from the judgment of the district court, but abandoned the appeal. D. L. McDonald perfected his appeal. Under the state of this record, the Court of Civil Appeals correctly held that the district court had a right in the certiorari proceedings to set aside the order authorizing the sale of the land and the deed made by the administratrix to the Insurance Company.

5 Plaintiffs in error contend that the rule is settled that the remedy of certiorari is not available to set aside orders of the probate court approving claims against estates. We agree that

such is the rule in this State. James v. Wynne, 133 Texas 436, 129 S. W. (2d) 279; DeCordova v. Rogers, 97 Texas 60, 75 S. W. 16.

There is no controversy here as to the claim of the National Life & Accident Insurance Co., Inc. Both the probate court and the district court approved the claim and fixed the lien on the land involved. That order became final. It is admitted that the claim has been approved, and a tender into court of sufficient money to pay same is made. The approval of the claim is not involved here. The question presented here is whether or not the probate court erred in the manner of hearing the application to sell the land and in ordering the land sold for the consideration received by the administratrix. We hold that an appeal by certiorari proceedings can be made to the district court by parties interested in the order of the probate court authorizing the sale of the land made by the administratrix.

It is further contended that the district court erred in annulling the probate order and the conveyance executed in pursuance thereof, in so far as such conveyance affected the personal interest of the administratrix; and further contend that the conveyance by Mrs. Galt, as administratrix, was effective to convey her individual interest, subject to the payment of the community debts.

The plaintiffs who instituted the suit sued as heirs and creditors of Ed E. Galt, deceased, and made Mrs. Galt, administratrix, of his estate, one of the defendants. In her answer, as one of the defendants, she admits the allegations made by plaintiffs with reference to the order of the probate court authorizing the sale of the land; and it clearly appears from the pleadings, the answers, the issues submitted by the court to the jury, and the judgment entered by the trial court, that Mrs. Galt's individual interest in the land was not being adjudicated.

We therefore hold that the judgment of the trial court does not adjudicate the title of the land conveyed by the administratrix to the Insurance Company, nor does such judgment adjudicate the individual title of Mrs. Galt, and it therefore does not undertake to annul her deed in so far as it may have conveyed her individual interest in the land, subject to the payment of the community debts.

As construed in this opinion, the judgments of the trial

court and Court of Civil Appeals are affirmed. The motion for rehearing is overruled.

Opinion delivered July 23, 1941.