Helen Ruth Wilder MOORE et al.,
Appellants,

v.

John McINNIS et al., Appellees.

No. 3251.

Court of Civil Appeals of Texas.

Eastland.

Oct. 19, 1956.

Rehearing Denied Nov. 16, 1956.

Gib Callaway, Darrell Shelton, Brown-
wood, for appellants.

Woodruff & Holloway, Brownwood, for appellees.

COLLINGS, Justice.

This is a certiorari proceeding filed in the District Court of Brown County by five of the seven children of Mrs. Gracie Ruth Wilder, to wit: Elmer Angelo Wilder, Jr., James Henry Wilder, Richard Edward Wilder, a minor, through his mother as next friend, Dan Moseley Wilder and Helen Ruth Wilder Moore, joined by her husband. By such proceeding plaintiffs sought to establish their undivided 5/7th remainder interest in 2,283 acres of land in Brown County and to set aside a sale of their said interest made to John McInnis and Mitchell M. Cox by a guardian's deed dated July 31st, 1934. Plaintiffs alleged that the remainder interest owned by them in the land was subject to a life estate of their mother, who was then thirty-nine years of age; that the value of their interest in said land at the time of the guardian's sale was $15.00 per acre and that the price of $1.75 per acre at which the land was sold by the guardian was grossly inadequate.

Defendants were John McInnis, his four sons and their wives, who have succeeded to the interest of Mitchell M. Cox, Southwestern Life Insurance Company, which has a deed of trust covering the land, and the guardian, Elmer A. Wilder. The defendants denied that there was a gross inadequacy of consideration. They alleged that the sale was made in connection with a compromise of matters in controversy and also urged the defenses of limitation, estoppel and res judicata. The case was tried before a jury. At the close of the evidence the court, upon motion presented by defendants, instructed a verdict in favor of the defendants. Plaintiffs have brought this appeal.

The land involved was the property of L. P. Baugh, who was the father of Gracie Ruth Wilder. Appellants are children of Gracie Ruth Wilder and grandchildren of L. P. Baugh, deceased. In July of 1913 the will of L. P. Baugh was probated in which a life estate in 2,400 acres of land was devised to his daughter, Gracie Ruth Wilder, with remainder to her children. The will provided that in the event Gracie Wilder should sell her life interest in said land that the title thereto would revert to Daniel Baker College of Brownwood, Texas, and the First Methodist Church of Brownwood, Texas, in equal parts. On May 2, 1922, Gracie Ruth Wilder, joined by her husband, Elmer A. Wilder, conveyed the land to Mitchell M. Cox and John McInnis, reserving only a mineral interest, for a cash consideration of $12,000. At that time Gracie Ruth Wilder was the mother of two children, Sarah E. and Bonnie Jean Wilder, then three years old and four months old, respectively. The guardian of the estate of the two children at the same time sold to Cox and McInnis the remainder interest of said two minor children for a consideration of $12,000.

Soon thereafter Cox and McInnis brought suit in the District Court of Brown County, Texas, against Daniel Baker College and the First Methodist Church of Brownwood to quiet their title to said land. Both of said defendants disclaimed any interest therein. Judgment was thereupon entered by the District Court decreeing title to said land to be in Cox and McInnis against the college and church.

On July 31, 1930, the Brown County Water District in cause No. 2819, on the docket of the County Court of Brown County condemned 143.8 acres of said land at an adjudged value of $4,348.60. At the time the condemnation suit was brought, four more children had been born to Gracie Ruth Wilder, including all plaintiffs and appellees herein except Richard E. Wilder. It was found by the court in the condemnation proceeding that the title to the land taken was in dispute between Cox and McInnis on the one hand and Gracie Ruth Wilder and her children,

Helen Ruth Wilder, Elmer Angelo Wilder, James H. Wilder and Dan M. Wilder and any unborn children of Gracie Ruth Wilder on the other hand. The court decreed that the sum of $4,348.60 be paid into the registry of the court and there remain until the ownership thereof be determined. Thereafter Richard E. Wilder was born on July 8, 1933.

Cox and McInnis then filed suit in the District Court against Gracie Ruth Wilder and her husband and the other appellants herein for recovery of the entire $4,348.60. The basis of the claim of Cox and McInnis to the entire fund was the terms of the will of L. P. Baugh. The will prohibited the sale by Gracie Ruth Wilder of her interest therein and further provided:

"—and should she at any time sell, assign, transfer, encumber her said interest so devised to her, then it is my will and I hereby stipulate and provide that said interest shall at once cease and be forfeited and that she shall enjoy no further interest or right in said property and that *said property* shall, in such event, vest in and be then divided between the Daniel Baker College of Brownwood, Texas, and the First Methodist Episcopal Church South of Brownwood, Texas, in equal Parts." (Emphasis ours.)

Cox and McInnis were contending that when Mrs. Gracie Ruth Wilder sold her life estate in the land in violation of the will, that *said property* which meant the land, vested in Daniel Baker College of Brownwood, Texas, and the First Methodist Church of Brownwood, and that Cox and McInnis had acquired the title of the college and the church. Judgment was rendered in that case on March 25th, 1933, decreeing that $1,242.55 of the fund, plus interest, be paid to Cox and McInnis without restriction and that the remainder of said fund in the amount of $3,106.15, in which Cox and McInnis had a life estate, and the five minors the remainder interest, be paid to the said Cox and McInnis

upon their execution of a deed of trust securing their obligation to repay said sum to the five minor children upon the termination of the life estate of Gracie Ruth Wilder. Both parties appealed from said judgment to the Court of Civil Appeals at Austin, Texas. While the appeal to the Court of Civil Appeals was pending, Elmer A. Wilder was appointed guardian of the estate of the five minor children who are appellants in this case. An inventory and appraisement was filed by the guardian in said cause which valued the minors' interest at $4,500, the interest being described as an undivided 5/7th interest in remainder in approximately 2,402 acres of land situated in Brown County, Texas— to take effect upon the death of Gracie Baugh Wilder. The said inventory and appraisement further set out that 143.8 acres of said land had been condemned by the Brown County Water Improvement District in the County Court of Brown County and that the sum of $4,348.60 had been deposited in the registry of such court as the value of the land determined under the condemnation proceedings and that the title to such fund was in controversy and was being adjudicated in cause No. 6136 on the docket of the District Court of Brown County, Texas, which cause was then on appeal in the Court of Civil Appeals for the Third Supreme Judicial District at Austin, Texas, McInnis v. Brown County Water Improvement District No. 1, 45 S.W.2d 1118; that the estate in remainder of the five minor children was subject to diminution in the event of the birth of any other child or children to Gracie Baugh Wilder.

On July 31, 1934, Cox and McInnis and Elmer A. Wilder, as guardian of the estate of the minors who are parties to this suit, entered into an agreement. This agreement recited the previous sales of the lands in question, the condemnation proceeding, the impounding of the money, the judgment of the District Court decreeing the respective interests of the parties in such money and the appeal which was then

pending in the Court of Civil Appeals. The agreement recited that the ownership of the money impounded in the County Court was in dispute and that the claim of the minors to ⅚th of the remainder interest in the balance of 2,283 acres of land was also in dispute, and further recited that as a compromise of all the matters in controversy it was agreed that the sum of $4,475.66 then in the registry of the court should be paid to Cox and McInnis who would thereupon pay that amount to the guardian and that the guardian would then convey to Cox and McInnis all of the interest of the minors in said land. This agreement was approved by the County Judge of Brown County. Upon application and notice the Probate Court authorized a sale of the minors' interest in said land and the guardian made and reported the sale in accordance with the compromise agreement. The County Judge approved the compromise agreement and entered his order confirming the sale. This is the proceeding and sale which appellants, who were plaintiffs below, sought by writ of certiorari to set aside in the District Court. In our opinion the trial court did not err in granting appellees' motion for an instructed verdict.

■ Article 932, V.T.C.S., provides for the correction of probate proceedings by the District Court by writ of certiorari when timely filed. Rule 344, Texas Rules of Civil Procedure, provides that an application for writ of certiorari to the county court shall be made to the district court and "shall state the name and the residence of each party adversely interested * * *." Requirements imposed by statute or court rules in such cases must be complied with. 14 C.J.S., Certiorari, § 62, p. 207.

■■ Certiorari proceedings under the statutes and Rules of Civil Procedure are appellate in nature and are direct and not collateral proceedings. 3 Tex.Jur. 49; Mitchell v. Rutter, Tex.Civ.App., 221 S.W. 2d 979. However, as provided by Rule 344, all adversely interested parties whose rights will be affected by the decree must

be made defendants in the petition. McDonald v. Edwards, 137 Tex. 423, 153 S.W. 2d 567; Connell v. Chandler, 11 Tex. 249; 9 Tex.Jur. 31.

■ In the instant case Republic Underwriters, the surety on the general bond of the guardian and upon the bond filed in compliance with the order authorizing the questioned sale, was not made a party defendant in appellants' petition for certiorari. The surety upon such bonds was a "party adversely interested" as contemplated by Rule 344. The problem involved is similar to that presented by cases arising under Article 4328, V.T.C.S. Under that statute, by a bill of review filed in the court where a proceeding was had, one may upon proper showing have the order or judgment revised and corrected. An attack on a court proceeding by means of a bill of review is a direct attack. It is held, however, that an attack on a judgment or order where all persons affected, such as sureties on guardians' bonds, are not brought before the court is a collateral attack and not permitted under a bill of review. In order to maintain the direct attack it is held that all persons who might be affected must be brought before the court. Moore v. Evans, Tex.Civ.App., 103 S.W.2d 850. It is held that the defective direct proceeding constitutes a collateral attack. Rodden v. Smith, Tex.Civ.App., 95 S.W.2d 997; Reed v. Harlan, Tex.Civ. App., 103 S.W.2d 236, Error Ref. In the case of Pure Oil Company v. Reece, 124 Tex. 476, 78 S.W.2d 932, 934, it was held that a direct attack by a bill of review seeking, among other things, to set aside and annul a guardian's deed did not lie where sureties on the general guardianship bond were not made parties defendant. In that case the court stated as follows:

"* * * it is clearly evident that the two sureties above named would be directly and vitally affected by any judgment rendered herein pertaining to the order appointing Mrs. Kidd guardian. They are therefore necessary par-

ties to this suit if it is to be classed as a direct attack. Since such sureties are not parties, we can only consider this case as a collateral attack on the order appointing the guardian. Considering the case as a collateral attack, the failure to give the more formal notice provided by article 4114 cannot be shown."

In the case of Connell v. Chandler, supra, it is stated that:

"* * * in a certiorari from the District Court to revise and correct the proceedings of the Probate Court— all parties in interest and whose rights are to be directly affected must be made parties—."

In the case of Hannon v. Henson, Tex. Com.App., 15 S.W.2d 579, 584, it is stated: "In a direct attack, all persons who might be in any way affected by the result of the suit must be before the court." In our opinion the above cited cases and authorities control the instant case. See also Taffinder v. Merrell, 95 Tex. 95, 65 S.W. 177; Mills v. Baird, Tex.Civ.App., 147 S.W.2d 312; 25 Tex.Jur. 754. It is not contended by appellants that they have alleged or shown grounds for a collateral attack on the questioned sale and proceedings of the probate court. Since the surety was not made a party to the proceedings, certiorari does not lie. The court, therefore, did not err in granting appellees' motion for an instructed verdict.

■ For still other reasons the trial court did not err in granting an instructed verdict. The sole ground urged by appellants as a basis for setting aside the guardian's sale of their remainder interest in the land was gross inadequacy of consideration. It is held that an administrator's or guardian's sale of the heirs' or wards' property for such a grossly inadequate price as to shock the conscience may amount to fraud and authorize a setting aside of the sale and recovery of the land. Lee v. Benzes, Tex.Civ.App., 209 S. W. 768; Varner v. Carson, 59 Tex. 303; 20 Tex.Jur. 161. We are of the opinion, however, that the evidence in this case, considered in the light most favorable to appellants, does not raise a fact issue on that question. In order to raise a fact issue it was incumbent upon appellants to show the market value of their interest in the land at the time of the sale in 1934; that such market value was greatly in excess of the price paid by Cox and McInnis, and that the inadequacy of the consideration was of so gross a nature as to amount in itself to evidence of fraud.

At the time of the guardian's sale in 1934 appellants had no present right in the use of the land or the $4,475.66 in money then held in the registry of the court representing the proceeds from the sale of 143.8 acres of the land under the condemnation proceedings. Their interest in the land and the money was a future and uncertain interest. It was contingent upon and was not to take effect until the death of their mother, Gracie Baugh Wilder, who at that time was thirty-nine years of age. It was a 5/7th remainder interest subject, however, to diminution in the event of the birth of any other children to Gracie Baugh Wilder, who then had seven children, the last of which was very young. The interest of the minors was further uncertain at the time of the guardian's sale in that it was disputed. An appeal was then pending in the Austin Court of Civil Appeals in which Cox and McInnis were contending that the minors had no interest whatever in the land or the money.

There was evidence that the value of the land in question was from $15 to $30 per acre at the time of the guardian's sale of appellants' remainder interest therein, but there was no evidence that the value of appellants' interest was greatly in excess of the consideration received by them. No witness testified that he knew or had an opinion as to what the value of appellants'

remainder interest was in 1934, or that their interest in the land could have been sold at that time for more than the consideration paid by Cox and McInnis. On the contrary, appellants, themselves, placed in evidence the inventory and appraisement filed by their guardian on July 17th, 1934, which placed a value of $4,500 upon their remainder interest in the land. The guardian received as consideration for that interest $4,475.66, over $3,000 of which appellants would not have been entitled to receive until their mother's death, and the balance of which belonged entirely to Cox and McInnis. This evidence in our opinion does not present a fact issue which would support a finding of gross inadequacy of consideration. Since the evidence does not raise a fact issue on the only ground urged by appellants as a basis for setting aside the guardian's sale, the court properly granted appellees' motion for an instructed verdict.

At the time of the guardian's sale in 1934 Cox and McInnis owned an undisputed 2/7th interest in the land involved, subject to diminution in the event that other children were born to Mrs. Gracie Ruth Wilder, and had the right of possession and use of all said land during her life time. They were undisputed owners of $1,242.55 of the money held by the court as a result of the condemnation proceeding and had the right of possession and use of the balance of said fund during the life of Mrs. Wilder. At that time a case was pending in the Austin Court of Civil Appeals on an appeal from the judgment of the district court holding that appellants were the owners of a 5/7th interest in the condemnation fund subject to the life estate of their mother which had been acquired by Cox and McInnis. On the appeal pending in the Austin Court of Civil Appeals Cox and McInnis were claiming ownership of all the money held by the court as a result of the condemnation proceeding. If they had pursued and been successful in their appeal, appellant would

have had no interest, whatsoever, in either the money or the land.

■ Executors, administrators and guardians are authorized by statute to compromise claims in dispute or litigation when the matters in controversy and the settlement agreement are properly presented to and approved by the probate court. Articles 3430 and 4108, V.T.C.S., and Tate v. Moss, Tex.Civ.App., 107 S.W. 2d 412.

■ The dispute which was the basis of litigation then pending in the Austin Court of Civil Appeals was compromised by the guardian and Cox and McInnis. It was agreed between these parties that the appeal to the Austin Court of Civil Appeals would be dismissed, that the minor children would receive all of the condemnation money held in the registry of the court and that Cox and McInnis would receive and acquire all of the claim, right or interest that the minors had in and to the land in question. The settlement agreement was approved by the probate court and the appeal was dismissed. Cox and McInnis thereby abandoned a position which cannot be restored to them. In compliance with the compromise agreement a sale of the land was duly made to Cox and McInnis and was confirmed by the court. The guardian received and, accepted for the benefit of the minors the entire fund held by the court under the condemnation proceeding. Under these circumstances it is our opinion that appellants are estopped to attack the guardian's sale of their interest in the land to Cox and McInnis and the probate court proceeding authorizing and confirming the sale. Malone v. Republic National Bank & Trust Co., Tex.Civ.App., 70 S.W.2d 809; Bearden v. Texas Co., Tex.Civ.App., 41 S.W.2d 447; Stephenson v. Marsalis, 11 Tex.Civ.App. 162, 33 S.W. 383; Murphy v. Sisters of The Incarnate Word, 43 Tex.Civ.App. 638, 97 S.W. 135; Ragsdale v. Gohlke, 36 Tex. 286; Love v.

Barber, 17 Tex. 312; Wright v. Doherty, 50 Tex. 34 and Daimwood v. Driscoll, Tex.Civ.App., 151 S.W. 621.

For the reasons stated the court did not err in granting appellees' motion for an instructed verdict. The judgment of the trial court is affirmed.