Herschel Ann Thomas WIMBERLY et vir,
Appellants,

v.

J. Leon PARISH et al., Appellees.

No. 6611.

Court of Civil Appeals of Texas.

Beaumont.

May 28, 1964.

Rehearing Denied June 24, 1964.

Roger J. Conway, Orange, for appellants.

Sexton & Owens, Orange, for appellees.

STEPHENSON, Justice.

This is an appeal from an order of the District Court dismissing a petition for a writ of certiorari to review a guardianship proceeding in the County Court.

The petition was filed by Herschel Ann Wimberly, individually and as next friend of her adoptive mother, Annie Thomas. July 7, 1961, J. Leon Parish was appointed Guardian of the Estate of Annie Thomas. This petition was filed in the District Court April 12, 1962 alleging certain irregularities including the following:

1. No personal service of citation upon Annie Thomas as required by Section 130 of the Probate Code.

2. The guardian's bond was insufficient.

3. Approval of certain expenses.

4. Approval of application to resign.

It was prayed that the matters raised in the petition be tried de novo, and for judgment disapproving the application to resign, an order for an independent audit of the estate, that all expenditures made contrary to the law be disallowed, that all expenditures in excess of the income of the estate be disallowed and that the guardian's appointment be declared illegal.

The District Judge ordered a writ of certiorari be issued upon applicant's making a bond. The guardian and his bonds-man filed a motion to dismiss which was heard and granted. Finding of Fact and Conclusions of Law were filed by the trial court.

Petitioners contend the court erred in finding as a fact that petitioners had not alleged they had been or would be injured or in what manner the estate was being wasted or depleted to their injury. The petition contained six alleged irregularities in the guardianship proceeding including those set forth above, and then contained this paragraph:

"Such errors were and are to the prejudice of Mrs. Annie Thomas and her estate in that the estate is being wasted and depleted by the expenditures of money and property of said estate in a manner contrary to law by a guardian illegally appointed and without lawful authority, acting with a bond insufficient in law to protect the estate, at a time and under circumstances making it impossible for the ward, Mrs. Annie Thomas, to protect herself or properly care for her own interest."

The law is well settled, as respondent agrees in his brief, that in this type of suit the incompetent is the real party in interest. Safeway Stores, Inc. of Texas v. Rutherford, 130 Tex. 465, 111 S.W.2d 688. The pleadings were sufficient to apprise the court of the matters involved, especially in the absence of a special exception.

Respondent contends the petitioners lacked the capacity to bring this suit as next friend, because the ward had a legal guardian. The application for writ of certiorari alleges no personal service was had on Mrs. Annie Thomas as required by Texas Probate Code, Section 130, V.A.T.S. The question as to the legality of the guardianship has not yet been determined. Further, the motion to dismiss did not challenge petitioners' right to bring this suit because of lack of capacity. Also, the

motion to dismiss was not sworn to, and Rule 93(b), Texas Rules of Civil Procedure, provides that a plea as to lack of authority to sue is waived unless it is a sworn plea. McGinnis v. McGinnis, Tex.Civ.App., 267 S.W.2d 432.

■ Petitioners contend the court erred in finding that there was no evidence that plaintiffs would be injured, or that the estate was being wasted or wrongfully depleted. This matter was never heard on the merits, but was disposed of by granting a motion to dismiss. We must take the allegations contained in the petition as true, since there was a judgment of dismissal, and the only evidence heard was on the motion to dismiss. Hallaway v. Thompson, 148 Tex. 471, 226 S.W.2d 816.

The trial court also found as a fact that Annie Thomas, the ward, was the adoptive parent of Johnny D. Marr, that he was a party adversely interested in this proceeding, and that he had not been made a party either in the Bill of Review filed in the Probate Court or in this present action. The trial court then found as a conclusion of law that it lacked jurisdiction to hear this petition for writ of certiorari for the reason that Johnny D. Marr was not made a party.

■ Rule 344, T.R.C.P., provides that a petition for a writ of certiorari shall state the name and residence of each party adversely interested. The law is also clear that in this type of proceeding all parties in interest and whose rights will be directly affected by the decree must be made parties. McDonald v. Edwards, 137 Tex. 423, 153 S.W.2d 567. As we have stated before, in this opinion, the real party in interest is the incompetent. Safeway Stores, Inc. of Texas v. Rutherford, supra. The only other necessary parties to this suit were the guardian and his bondsman. Johnny D. Marr was not a party adversely interested so as to be a necessary party.

■ The trial court found as a conclusion of law that Herschel Ann Wimberly was judicially and equitably estopped from taking an adverse position in this petition to the position she assumed in the probate court. The statement of facts contains the testimony of Herschel Ann Wimberly both in chambers and in open court, and an ex parte affidavit made by her. It also contains the testimony of Mary Reese and County Judge Sid J. Caillavet. A careful study of all of this testimony shows that Herschel Ann Wimberly was reluctantly bringing this action upon the insistence of her husband. Regardless of this, as already pointed out in this opinion twice, the real party at interest is the incompetent, and no estoppel on the part of Herschel Ann Wimberly as an individual is before this court. Her acts as an individual did not bind the estate of Mrs. Annie Thomas or Mrs. Annie Thomas. The petition for a writ of error must be heard subject to the limitations set out in this opinion.

■ The trial court also found as a conclusion of law that it lacked jurisdiction to hear a petition for a writ of certiorari in so far as it concerned the approval by the County Court of claims paid by the guardian, or the court's approval of the final accounting for the reason that the proper recourse is by appeal. The trial court also found as a conclusion of law that it had no jurisdiction to hear certain enumerated questions because they had not been raised in the Probate Court. The statutory writ of certiorari provided for by Sec. 30 of the Probate Code is not to be confused with the common law writ of certiorari. A full discussion of the distinction is set forth in Clayton v. Clayton, Tex.Civ.App., 308 S.W.2d 557, a part of the opinion being as follows:

"The writ of certiorari sought by respondents is a statutory writ and not a common law writ. The Supreme Court in McDonald v. Edwards, supra, stated [137 Tex. 423, 153 S.W.2d [567] 569]: 'This Court has liberally construed the rights of the parties to invoke the jurisdiction of the district court in certiorari proceedings to re-

**138**

view the orders of the probate court' (citing numerous authorities), and then quoting from Jirou v. Jirou, 104 Tex. 136, 135 S.W. 114, further stated: 'It is true that the jurisdiction of the district court over the county court is appellate in its nature, but it may be exercised *by a trial upon the facts of the case* as well as by a revision of the record made in the lower court.' The Supreme Court in McDonald v. Edwards, supra, further stated:

" 'It is true that a certiorari proceeding in a probate matter is one of the methods of appeal provided by statute. At the same time, it is a direct proceeding. * * * The rule has been stated in 21 Tex.Jur., pp. 376 and 377, in the following language:

" 'The proceeding by certiorari is direct and it is in no sense a collateral attack. While it is appellate in its nature, it seems that the powers of the court in the trial and disposition of the matters in issue are not precisely the same as those of an appellate or revisory court.

" 'The statute provides that the trial in the District Court shall be de novo, * * *. Accordingly, it has been held that the District Court may neither affirm nor reverse the order of the County Court upon the record sent up; *it must retry the case upon the merits as if it were an original suit.' "*

As to claims against estates, we quote again from McDonald v. Edwards, 137 Tex. 423, 153 S.W.2d 567, 569, 570, as follows:

"Plaintiffs in error contend that the rule is settled that the remedy of certiorari is not available to set aside orders of the probate court approving claims against estates. We agree that such is the rule in this State. Jones v. Wynne, 133 Tex. 436, 129 S.W.2d 279; De Cordova v. Rogers, 97 Tex. 60, 75 S.W. 16."

Reversed and remanded.